AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

FILED
2007 MAY 23 P 2:09
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

V.

JOHN DOE, a Hispanic male, 5'6 & weighing 170 lbs
a/k/a GUSTAVO BARRERA-MORALES

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 07 70304 HRL

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about August 11, 1997 in Santa Clara county, in the Northern District of California defendant(s) did, (Track Statutory Language of Offense)

knowingly impersonate another person as an applicant, declarant or petitioner in a naturalization and citizenship proceeding, to wit: by filing immigration petitions on behalf of his family members wherein he stated under penalty of perjury that he is Gustavo Barrera-Morales, born on September 13, 1957, in Zinapecuaro, Mexico,

in violation of Title 18 United States Code, Section(s) 1424.

I further state that I am a(n) ICE Special Agant (Official Title) and that this complaint is based on the following facts:

Please see attached affidavit.

Penalties: 5 years imprisonment, $250,000 fine, 3 years supervised release, $100 special assessment

NO BAIL WARRANT REQUESTED.

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Approved As To Form: AUSA: SUSAN KNIGHT

Name/Signature of Complainant:

Sworn to before me and subscribed in my presence,

May 23, 2007 at San Jose, CA
Date | City and State

Honorable Howard R. Lloyd
United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

**AFFIDAVIT OF ICE SPECIAL AGENT ROBERT MUNOZ IN SUPPORT OF CRIMINAL COMPLAINT**

I, Robert Munoz, a Special Agent with Immigration and Customs Enforcement, being duly sworn, state as follows:

**Introduction and Affiant's Background**

1. I am currently employed as a Special Agent with the United States Department of Homeland Security, U.S. Immigration and Customs Enforcement (ICE), presently assigned to the Office of the Resident Agent in Charge, Bakersfield, California (RAC/Bakersfield). Among the responsibilities of ICE is the enforcement of federal criminal statutes involving false claim to United States citizenship and the procurement of Visas, Naturalization Certificates or any other Identification Documents by personation and false statements. My responsibilities with ICE include investigations of false claim to United States Citizenship and procurement of Visas, Naturalization Certificates and other official identification documents by fraud or false statements. I have been a Special Agent for over ten years and prior to that I was a Senior Patrol Agent and Patrol Agent for twenty years with the United States Border Patrol. I have participated in numerous investigations, including investigations related to violations of fraud and procurement of government documents. I am a graduate of the United States Border Patrol Academy, Federal Law Enforcement Training Center, in Glynco, Georgia where I received extensive training in the identification of valid immigration and citizenship documents. I have received extensive training throughout my career as a Border Patrol Agent, Senior Patrol Agent and Special Agent at the Federal Law Enforcement Training Centers in Glynco, Georgia and Artesia, New Mexico.

2. This affidavit is made in support of an arrest warrant for John Doe, a/k/a Gustavo Barrera-Morales, (hereinafter referenced as "the defendant") who resides at 5000 Belle Terrace Avenue, Apt. 68, Bakersfield, California. The defendant is a Hispanic male who is 5'6, 170 pounds with brown eyes and brown hair. Based on the following facts, there is probable cause to believe that the defendant is guilty of multiple violations of 18 U.S.C. § 1424, Personation or Misuse of Papers in Naturalization Proceedings. Under 18 U.S.C. § 1424, it is unlawful to impersonate another person as an applicant, declarant, or petitioner in a naturalization or citizenship proceeding. The statute has a ten year statute of limitations. See 18 U.S.C. § 3291.

3. This affidavit does not include all of the information I know or that has been gathered in this investigation. Rather, I have included herein portions and summaries of some of the information gathered in this investigation that I believe is adequate to support probable cause to authorize the requested arrest warrant. I have personally participated in this investigation and have obtained the information set forth herein through my personal observations and conversations with other law enforcement agents and through my review of police investigative reports.

**Case Synopsis**

4. The investigation into the defendant was predicated on information received from the Immigration and Customs Enforcement (ICE) Office in Grand Rapids, Michigan. On July 16, 2006, Gustavo Barrera-Morales (hereinafter referenced as the "victim") filed an identity theft complaint with the Sturgis Police Department, Sturgis, Michigan. According to the victim, an unknown individual assumed his identity and fraudulently applied for naturalization. This individual was granted United States citizenship by the United States Immigration and Naturalization Service, and then he used his immigration status to expeditiously immigrate his immediate family into the United States.

**Facts Supporting Probable Cause**

*Identity Theft Complaint Filed in Michigan*

5. On July 16, 2006, the victim filed an identity theft complaint with the Sturgis Police Department, Sturgis, Michigan. Luis Rosado, Detective Sergeant, with the Sturgis Police Department, took the report. The victim reported the following:

a. The victim stated he first lost his resident alien card in the late 1970's when he resided in California. He reapplied for a second resident alien card in 1983 and subsequently lost the second card in Chicago, Illinois in 2001. He applied for a new card and was denied. The victim stated he was denied a card because he was on record with the United States Immigration and Naturalization Service as being a naturalized United States citizen. At this time, the victim is not a United States citizen, and due to an unknown individual assuming his identity, has been unsuccessful in obtaining United States citizenship.

b. The victim stated he has worked in the United States since 1983 in areas such as Napa Valley, California, South Dakota, Howe, Indiana, and Quincy, Michigan.

c. In 1996, the victim applied for a loan in Howe, Indiana. He then discovered that someone had been using his identity for the past twenty-five years to obtain loans, credit cards, vehicles and mortgages. For the past eleven years, the victim has continued to work using the same Social Security number, and paid taxes under the same Social Security number. He hired an attorney to help him, however, the attorney felt the victim's identity theft problems were beyond her capacity to solve. In 1998, the victim further confirmed that someone else was using his identity. He received a check from the Internal Revenue Service that was made payable to him, and a woman named Elizabeth Morales (who has been identified as the defendant's wife).

d. The victim provided detailed evidence to Detective Rosado to prove that he is in fact the true Gustavo Barrera-Morales. Among other documents, the victim provided photocopies of his resident alien cards that were lost, and showed the

detective a copy of his birth certificate, the actual driver's licenses that have been issued to him over the years, his Mexican identification card, and an actual social security card. Based on this evidence, Detective Rosado was convinced that the victim is the true Gustavo Barrera-Morales.

*ICE Investigation*

6. Through my investigation, I have further confirmed that the victim is the true Gustavo Barrera-Morales. I have learned that the victim is a forty-nine year old married adult male, who is 5'2 and weighs 155 pounds. He was born on September 13, 1957, in Zinapecuaro, Michoacan, Mexico and is a citizen of Mexico. On June 21, 1976, he immigrated to the United States through the Port of Entry at Calexico, California. At time of his entry, the victim was given a resident alien card with an immigration number of A36-163-011. He presently lives in Michigan with his wife Martha Silva Garcia Romero.

7. The victim told me that he immigrated to the United States with his two sisters and a brother. I conducted a check on ICE's immigration database and learned that Maria Veronica Barrera-Morales, Ana Adriana Barrera-Morales, the victim's sisters, and the victim have sequential immigration numbers. This indicates that the family members entered that United States at the same time.

8. On March 1, 2007, I, along with ICE Special Agent William P. Yoakum interviewed Veronica Barrera-Morales. After advising her of her Miranda rights, Ms. Barrera-Morales agreed to be interviewed. She said that she immigrated to the United States with her sister Adriana and brother Gustavo.

*False Naturalization Petition Filed*

9. I have reviewed the alien file, number A63-163-011, which is associated with the identity of Gustavo Barrera-Morales, and learned that the defendant fraudulently filed Form I-90, Application to Replace Alien Registration Card, on February 16, 1993. The defendant filed the application in order to replace the outdated lawful permanent resident alien card (i.e., the card originally issued to the victim with his photograph) with the Immigration and Naturalization Service in San Jose, California. The application was approved, and the defendant was issued a new Resident Alien Card, number A36-163-011, with his photograph. I know that the defendant filed this application because I compared the photograph that he submitted with the application with other identifications documents that he fraudulently obtained, including a California driver's license. Also, I have conducted surveillance of the defendant in Bakersfield, and recognize the individual in the above-referenced documents to be of the defendant. Moreover, the victim told me that he did not file the February 16, 1993 application.

10. I also learned through reviewing the file that on November 30, 1995, the defendant fraudulently signed and filed Form N-400, Application for Naturalization, with the United States Immigration and Naturalization Service. Along with the application, he submitted a photograph. I have compared the photograph submitted with this application with other photographs

belonging to defendant and believe that the photographs are of the same individual, namely the defendant. In addition, the defendant listed Elizabeth S. Lopez, date of birth of February 2, 1959, as his spouse in the application. In February, I confirmed with the apartment manager that this woman lived at 5000 Belle Terrace Avenue, Apt. 68, Bakersfield, California. Since that time, I have learned that she has separated from the defendant, and is living in Lamont, California. On July 17, 1996, the defendant's application for naturalization was approved, and on September 18, 1996, he was sworn in as a naturalized United States citizen. Finally, the victim told me that he did not file this application for naturalization.

*The Defendant's True Identity is Unknown.*

11. At this time I do not know the defendant's true identity. I conducted a records check with the Department of Motor Vehicles and learned that a California driver's license, number C1604934, was issued to a Gustavo Barrera-Morales, residing at 5000 Belle Terrace Avenue, Apt. 68, Bakersfield, California. The license states that this individual was born on September 13, 1957, is 5'6, weighs 170 pounds with brown hair and brown eyes. I compared the photograph from the California driver's license with photographs of the victim provided to me Detective Rosado and found that the pictures do not belong to the same individual.

12. I also conducted a Lexis/Nexis database search of the victim's name and located an address of 5000 Belle Terrace, Apt. 68, Bakersfield, California and another address of 7605 Burger Way, Lamont, California. I also learned through an NCIC/FBI criminal database check that the identity of Gustavo Barrera-Morales, born on September 13, 1957, has several criminal convictions in Santa Clara County, including an October 22, 2000 conviction for driving under the influence.

13. On February 23, 2007, Special Agent Yoakum and I contacted the apartment manager at 5000 Belle Terrace Avenue, Bakersfield, California. We identified ourselves as ICE special agents and presented our credentials. I showed the manager a photograph taken from a California driver's license issued to the defendant, and asked if the person in the photograph resided in the complex. The manager recognized the defendant, and told me that the defendant had moved out of apartment number 68, but had recently returned and was residing in apartment number 157 with a woman who was not his wife.

14. On April 13, 2007, I conducted surveillance at 5000 Belle Terrace Avenue, Apt. 157, in Bakersfield. At approximately 2:30 p.m., I knocked on the door of the apartment and a Hispanic female answered. I stated that I was looking for a person named Tony Silva, and she stated that Tony did not live there, but that she lived there with her husband Gustavo Barrera.

15. On April 18, 2007, I again conducted surveillance at 5000 Belle Terrace Avenue, Apt.157 in Bakersfield. At approximately 3:00 p.m., I saw and positively identified the defendant as he left the apartment accompanied by the Hispanic woman that I talked with on April 13, 2007. I was able to recognize the defendant from the photograph on his California driver's license as well as the photographs he submitted with various petitions to the Immigration Service. I watched the defendant and the woman get in a white colored automobile,

California Plates 5RWA958, and drive away.

16. On April 19, 2007, I initiated a vehicle registration database check on California Plates 5RWA958. The check revealed that the vehicle is a 1995 Buick registered to Carlos Barrera, the son of the defendant.

*Filing of False Petitions for Family Members*

17. Besides the defendant fraudulently filing a naturalization petition on his own behalf, I have reviewed the alien files belonging to his wife and three sons, and learned that he fraudulently filed petitions on their behalf using the assumed identity of Gustavo Barrera-Morales:

a. On August 11, 1997, in San Jose, California, the defendant fraudulently signed and submitted to the Immigration Service Form I-130, Petition for Alien Relative, on behalf of his spouse Maria Elizabeth Lopez-Solis. The defendant signed the form under penalty of perjury that he is a naturalized United States citizen and attached a photocopy of his naturalization certificate, number 23166181. The naturalization certificate contains a photograph of the defendant, which I have compared to other photographs, and found that the pictures belong to the same person, namely, the defendant. In addition, the petition states that the defendant married Lopez on September 14, 1976 in Mexico, and contains all of the victim's biographical information, including his Social Security number, and place of birth. On June 16, 2000, the United States Immigration and Naturalization Service approved and granted lawful permanent resident status to Maria Elizabeth Lopez de Barrera as a spouse of a United States citizen.

b. On April 6, 2001, in San Jose, California, the defendant fraudulently signed and submitted to the Immigration Service Form I-130, Petition for Alien Relative, on behalf of his minor son Carlos Barrera-Lopez. The defendant signed under penalty of perjury that he is a naturalized citizen of the United States and attached a photocopy of his naturalization certificate, number 23166181. The photograph contained on the certificate matches other identification photographs of the defendant. The application again contained all of the victim's personal information, including his Social Security number and place of birth.

c. On April 12, 2001, in San Jose, California, the defendant fraudulently signed and submitted to the Immigration Service Form I-483, Application to Register Permanent Resident or Adjust Status, on behalf of his minor son Carlos Barrera-Lopez. In the application, the defendant claimed under penalty of perjury that Carlos Barrera-Lopez is his son and that he (the defendant) is a United States citizen. He also listed all of the victim's biographical data, including his social security number. On May 10, 2002, Carlos Barrera-Lopez became a lawful permanent resident as the son of a United States citizen.

d. On May 13, 2002, in San Jose, California, the defendant fraudulently signed and submitted to the Immigration Service Form I-130, Petition for Alien Relative, on behalf of his son Alejandro Barrera-Lopez. In the application, the defendant claimed to be a naturalized citizen of the United States and attached a photocopy of his naturalization certificate, number 23166181. Again, the certificate contained a photograph that matches other identification documents of the defendant. On May 28, 2003, the United States Immigration and Naturalization Service approved the petition for Alejandro Barrera-Lopez, and on November 1, 2004, the United States Department of State issued an immigrant visa for Alejandro Barrera-Lopez as a son of a United States citizen. Alejandro Barrera-Lopez then legally entered the United States at the Port of Entry at El Paso, Texas.

**Conclusion**

Based on the foregoing, I respectfully submit that there is probable cause to believe that the defendant is guilty of violating 18 U.S.C. § 1424, Personation or Misuse of Papers in Naturalization Proceedings, and accordingly respectfully request that a warrant issue for his arrest.

ROBERT MUNOZ
Special Agent, ICE

Subscribed and sworn to me before
this 23 day of May 2007

HOWARD R. LLOYD
United States Magistrate Judge